UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SAMUEL SMALLWOOD (#539104)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 12-748-JJB-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 4, 2013.

                                       STEPHEN C. RIEDLINGER
                                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SAMUEL SMALLWOOD (#539104)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 12-748-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Asst. Warden Darryl Vannoy and Trish Foster. Plaintiff alleged that he was denied effective assistance of inmate counsel substitute and/or was denied access to the courts in violation of his constitutional rights.

For the reasons which follow, the plaintiff's complaint should be dismissed as frivolous.

### I. Background

Plaintiff's claim is based on his not receiving assistance from an inmate counsel substitute at the prison in early December 2011. Plaintiff wanted the help in connection with filing supplemental claims in a then-pending application for post-conviction relief filed in the 24th Judicial District Court.[1]

---

[1] Record document number 1-1, p. 47.

## II. Applicable Law and Analysis

**A. Frivolous Standard**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

First, the plaintiff has no constitutional right to assistance

from a prison inmate counsel substitute to help him supplement a post-conviction relief application. There is no constitutional right to counsel in post-conviction relief proceedings. *U.S. v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012). Moreover, a State's effort to assist prisoners in post-conviction proceedings does not make the State accountable for a prisoner's delay. *Lawrence v. Florida*, 549 U.S. 327, 337, 127 S.Ct. 1079, 1085 (2007).

Second, not having the assistance of an inmate counsel substitute did not deprive the plaintiff of access to the court. A substantive right of access to the courts has long been recognized. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977). Access to the courts is protected by the First Amendment right to petition for redress of grievances. *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979). That right has also been found in the Fourteenth Amendment guarantees of procedural and substantive due process. *Ryland v. Shapiro*, 708 F.2d 967, 971-75, (5th Cir. 1983).

In its most obvious and formal manifestation, the right protects physical access to the courts. Thus, for example, prison officials cannot refuse to transmit, or otherwise block, through procedural devices, the transmission of legal documents which prisoners wish to send to the courts. Nor can they take other actions--such as taking or destroying legal papers--that have a similar effect. *Crowder v. Sinyard*, 884 F.2d 804 (5th Cir. 1989),

3

*cert. denied*, 496 U.S. 924, 110 S.Ct. 2617 (1990). Some showing of detriment caused by the challenged conduct must be made in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987).

Nothing in the complaint indicates that the plaintiff himself could not have filed whatever supplemental claims he wanted to file. In fact, the plaintiff stated in his request for an administrative remedy filed December 6, 2011, that he had "prepared a rough draft" of the supplemental post-conviction relief application and merely wanted an inmate counsel substitute to "add up to date law."[2] Plaintiff cannot show that he was denied access to the courts.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, April 4, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Record document 1-1, p. 47.